MILLER, Respondent, v. QUEEN CITY FIRE INSURANCE COMPANY, Appellant.

. (199 N. W. 455.)

(File No. 5548.   Opinion filed June 26, 1924.)

1. **Insurance—Contracts—Hail Insurance—Insured May Not Complain of Policy Provision Not Contrary to Statute or Public Policy.**

Insured may not complain of a policy provision which is not contrary to statute or public policy.

2. **Insurance—Insurance Policies—Provision of Hail Insurance Policy Held Not Conflicting.**

Provision of hail insurance policy limiting insurance per acre which might be carried held not in conflict with subsequent provision declaring. insurer's liability for partial loss without mention of limit fixed in preceding provision.

3. **Insurance—Hail Insurance—Hail Insurance Policy Construed as Affects Insurer's Liability for Partial Loss.**

Under hail insurance policy limiting to $20 per acre the insurance which might be carried and providing insurer should not be liable for loss of less than 5 per cent of "total insurance," it was liable proratably for any loss in excess of $1 per acre, though insurance considerably .in excess of $20 per acre had been taken out, the quoted language being limited by the maximum provision.

4. **Insurance—Contracts—Limitation on Insurance in Hail Policy Construed.**

Provision of hail insurance policy providing "total insurance for all interests on the crop. described herein * * * $20.00 per acre," held a limitation to the amount stated of any insurance which might be carried and not that which might be carried with insurer alone.

5. **Insurance—Contracts—Rule Requiring Strict Construction Does Not Authorize Creation of Ambiguity Where None Exists.**

Strict construction of insurance policy does not require perversion of language or exercise of inventive power to create ambiguity where none exists.

Polley, J., dissenting in part.

Appeal from Circuit Court, Roberts County; Hon. J. J. Batterton, Judge.

A'ction by Elmo Miller against the Queen City Fire Insurance Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

*Bailey & Voorhees* and *T. M. Bailey,* all of Sioux Falls, for Appellant.

*Jorgenson & Anderberg,* of Sisseton, for Respondent.

(1) To point one of the opinion, Appellant cited: 26 C. J., p. 70; 1 Joyce on the Law of Insurance, 2nd Ed., p. 123; Carpenter v. The Providence Washington Ins. 'Co., 16 Pet. Rep. 495; Ins. Co. of North America v. Williams (Ala.), 77 So. 159; Northern Assurance Co. v. Grand View Building Assn., 138 U. S. 308; Bahner v. Stone Valley Mut. Ins. Co. (Sup. Ct. Pa.), 17 A. 983.

Respondent cited: Edge v. St. Paul F. & Mr. Ins. Co., 20 S. D. 190, 105 N. W. 281; McNamara v. Dakota F. & M. Ins. Co., 1 S. D. 342, 47 N. W. 288; Bruce v. Northwestern Mutual Life Ins. Co., 105 Ind. 212; Teutonia Fire Ins. Co. v. Mund, 102 Pa. 89; Burkhard v. Travelers Ins. Co. of Hartford, 102 Pa. 262; Hoffman v. Aetna Fire Ins. Co., 32 N. Y. 405; Bolte v. Equitable Fire Ins. Assn., 23 S. D. 240, 121 N. W. 773; French v. Fidelity & Casualty Co., 115 N. W. 869; Sec. 882, Rev. Code 1919; Dustin v. Interstate Business Men's Acc. Assn., 159 N. W. 395; Hornish v. Home Ins. Co. (S. D.), 146 N. W. 588; National Fire Ins. Co. v. Dennison, 113 N. E. 260; L. R. A. 1916F, 992.

GATES, J.   This is an action to recover a loss to growing crops insured against loss by hail for the season of 1922. Plaintiff owned all interest in the crops. The amount of insurance under this policy was: On 50 acres of wheat, not to exceed $20 per acre; on 30 acres of rye, not to exceed $10 per acre; on 40 acres of barley, not to exceed $10 per acre; and on another field of rye of 120 acres, not to exceed $10 per acre—or a total insurance of $2,900. There was a partial loss in June for which the defendant paid the sum of $1,275 and in July there was a total loss. Plaintiff claims to recover the sum of $1,625, that being the difference between the amount of insurance and the amount paid for the June loss. Before the trial defendant served and filed an offer of judgment in the sum of $600 with interest and accrued costs, which was rejected. The case was tried upon an agreed statement of facts. The findings of fact were in accord therewith. The conclusions of law were favorable to plaintiff and the trial court entered judgment again defendant for $1,625 with interest and costs. Defendant appeals.

There was other insurance in two other companies, so that in all three companies the 50 acres of wheat were insured for $45 per acre; 20 acres of the 30 acres of rye were insured for $30 per acre; the remaining 10 acres of the 30 acres of rye were insured for $20 per acre; the 40 acres of barley were insured for $30 per acre; and the 120 acres of rye were insured for $30 per acre. Besides these amounts the 40 acres of barley and 107 acres of the 120 acres of rye were further insured for $10 per acre under the state hail insurance department. The portions of the policy which

we find material to the present inquiry are as follows (paragraph numbers are ours) :

"1.   Total insurance for all interests on the crop described herein shall not exceed $30 per acre on irrigated land and $20 per acre on nonirrigated land; however, in the event that the total insurance per .acre exceeds this limit, this company shall be liable only for its pro rata part of such limit, per acre, it being understood and agreed that the liability of this company shall in no event be held to exceed the actual proportionate interest of the assured in the crop described and insured hereunder.

"2.   If the total insurance on this crop shall exceed the maximum limits permitted hereunder, the company shall, on demand, refund the premium on such excess.

"3.   In the event of the total destruction by hail only of the crops hereby described or any part thereof, the amount payable hereunder as to each acre where this policy covers shall be the amount per acre named herein, and event of partial destruction by hail only of the crops, or any part thereof, described in this policy, the amount payable per acre under this policy shall be in such proportion to the amount per acre specified herein as the damaged portion of said crop or crops bears to the sound condition of the particular crop or crops so damaged.

"4.   Upon adjustment of a loss or losses to the property insured the total amount of insurance named in this policy, and the limit per acre named in this policy on each acre so damaged, shall be reduced in the amount allowed for each and every loss.

"5.   This company shall not be liable for any loss or damage by hail to the crops hereby described unless the loss or damage equals five per cent (5%) or more of the total hail insurance covering the particular crop so damaged."

The policies of the two other insurance companies have the same provisions, but there is no limit of total insurance under the laws governing the South Dakota hail insurance department.

Appellant seeks a construction of paragraph 1 in accordance with what it contends is the plain and unambiguous meaning of the paragraph, to wit: That total concurrent insurance cannot exceed $20 per acre on nonirrigated land, which this was; that if the total concurrent insurance exceeds that amount per acre the

company shall only be holden for its proportionate share of that
limit and that it shall refund the excess premium.

· Respondent contends that the clause in paragraph 1 "total
insurance for all interests on the crop" refers only to insurance
carried by this insurer on the crop and not to concurrent insurance
in other· companies; that the words "all interests" cover the inter-
ests of landlord, tenant, mortgagor, mortgagee, etc.; and that the
true intent of this policy is that the aggregate insurance in this
company upon the several interests whether carried in· one or more
policies shall not exceed the sum of $20 per acre. ·Respondent
cites examples of difficulty of construction of the clause in para-
graph 1 beginning with the words "it being understood and
agreed" if appellant's construction of the paragraph is the right
one. We appreciate the difficulties, but we may add that difficul-
ties may also confront one in the interpretation of that clause
under respondent's theory of the proper construction of para-
graph 1.

Respondent. contends that it is immaterial to this insurance
whether the insured carried insurance in other companies for the
reason that there is no moral hazard in hail insurance. While it
must be conceded that the moral hazard in hail insurance is not
the same as in fire insurance in that an insured cannot cause hail,
yet it seems to us that there are two elements of moral hazard in
case an insured has taken out insurance greatly in excess of the
value of the crop. There would be a temptation to destroy the
crop and to falsely represent that it was destroyed by hail and
there would not be an inducement to salvage the crop if it were
in, a condition where salvage might minimize the loss.

[1] Respondent contends that appellant's interpretation im-
putes bad faith to it. The provision for a proportionate refund
of premium in case of overinsurance would seem to be a sufficient
answer to that contention. However, respondent has no right to
complain of a policy provision that is not contrary to statute or
to public policy. In 14 R. C. L. 929, it is said:

"In the absence of statutory provisions to the contrary, insur-
ance companies have the same right as individuals to limit their
liability and to impose whatever conditions they please upon their
obligations not inconsistent with public policy."

See, also, Powers v. Travelers' Ins. Co., 186 N. C. 336, 119 S. E. 481.

[2] Respondent claims there is repugnancy between paragraphs 3 and 1 under appellant's interpretation, because paragraph 3 does not mention the limit. There is no repugnancy when all of the paragraphs are read and considered together, and especially in view of paragraph 4 which does mention the limit.

Respondent interprets paragraph 2 as applying to total insurance in this company only. Such is not the meaning of that paragraph. It is so clear that there is no room for construction. It refers to the total insurance on the crop no matter how many policies or how many insurance companies are concerned.

[3] Respondent seeks to aid his interpretation of paragraph 1 by an illustration based upon the 5 per cent exemption contained in paragraph 5. He says that under appellant's interpretation if the insured had taken out insurance of $20 per acre in each of three companies, or a total of $60 per acre, then neither company would be liable unless the loss exceeded $3 per acre. Respondent is mistaken. Paragraph 5, instead of being favorable to respondent's views, is one of the paragraphs that compels adherence to appellant's view. Under the $20 limit per acre it is the theory of this and of other policies of similar import that the total insurance on the crop is only $20 per acre even though there be apparent insurance of $60 per acre. It is the theory of the insured, not that of the insurer, that the total insurance is $60 per acre, so that under the insured's theory he could not recover for any loss unless, in the above illustration, the loss equaled or exceeded $3 per acre. Under the theory of the insurer any loss, under the above illustration, equaling $1 per acre, would be recoverable.

The following clauses: "in the event that the total insurance per acre exceds this limit" (paragraph 1) and "if the total insurance on this crop shall exceed" (paragraph 2) are scarcely consistent with respondent's theory. They are consistent with appellant's theory. The clauses: "this company shall be liable only for its pro rata part of such limit" (paragraph 1); and "agreed that the liability of this company shall in no event be held to exceed" (paragraph 1) are consistent with the theory of appellant. They are not consistent with respondent's theory. The words "its pro rata part" clearly refer to the proportionate liability between it

and another company, not to the proportionate liability of this company as between two policies written by it on different interests.

[4, 5] Upon full consideration of the several provisions of the policy we are of the opinion that appellant's interpretation of paragraph 1 is right and that the first two words thereof, "total insurance," mean total insurance. To hold otherwise would, in our opinion, violate the following rule:

"The rule of strict construction does not authorize a perversion of language or the exercise of inventive powers for the purpose of creating an ambiguity where none exists, nor does it authorize the court to make a new contract for the parties." 14 R. C. L. 931.

The judgment is reversed and the cause is remanded for further proceedings in harmony with this opinion.

POLLEY, J. I am not willing to concede that there is any element of moral hazard in hail insurance, but I otherwise concur in the opinion.

Note.—Reported in 199 N. W. 455. See; Headnote (1), American Key-Numbered Digest, Insurance, Key-No. 138(1), 32 C. J. Sec. 198 (1925 Anno.); (2) Insurance, Key-No. 173, 29 C. J. Sec. 5; (3) Insurance, Key-No. 504, 29 C. J. Sec. 11; (4) Insurance, Key-No. 504, 29 C. J. Sec. 11; (5) Insurance, Key-No. 146(3), 32 C. J. Sec. 267.