Hillsborough,
Oct. 7, 1952. } No. 4114.

FIREMAN'S FUND INDEMNITY COMPANY

*v.*

HUDSON ASSOCIATES, INC. *& a.*

*Paul E. Nourie,* for the plaintiff, filed no brief.

*Robert J. Doyle* (by brief), for the defendant Fred G. Knight.

*George F. Nelson,* for the defendant Hudson Associates, Inc., filed no brief.

GOODNOW, J. The sole question raised is whether Mr. Knight suffered injury "while . . . participating in any contest." The plaintiff contends that Knight was so participating although he was merely in attendance at the races as a crewman and watching the race from the pit at the time he received his injuries. The defendants maintain that he was not participating since he was not actively engaged in any part of the race at the time. If he was not participating, he does not come within the provisions of the policy excluding coverage to persons of that class and the plaintiff is obligated to pay any judgment recovered by him in the suit against Hudson Associates, Inc.

The word "participating" has no clear and unmistakable meaning. In its primary sense, it means simply a sharing or taking part with others but when it is applied to a particular situation, it takes on secondary implications that render it ambiguous. Under some circumstances it may denote a mere passive sharing while under other circumstances an implication of active engagement may accompany its use. 67 C. J. S. 879.

The test to be applied in the interpretation of the insurance policy has been stated in *Hoyt* v. *Insurance Co.,* 92 N. H. 242, 243. The test is what a reasonable person in the position of the insured would have understood the words of the policy to mean, determined in the light of the circumstances surrounding the insured's operation of the Hudson Speedway. The insured was engaged in operating an automobile race track for profit. The contests conducted by it were races between jalopies which were operated on the track. Under its contract with National Jalopy Association, Inc., it was provided as to injured non-members who paid the regular fee

to the association that the association would furnish medical care as distinct from the provision as to members of the association who were to be furnished not only medical care but also benefits. The contract also provided that the insured should not be liable for injuries to drivers or pitmen who were members of the association but was silent as to liability to non-members. The insured knew from this contract that it was not relieved from liability as to all persons in attendance in connection with the conduct of the races. The insured also knew that during a practice session or a race the pit area would be occupied by owners, drivers and crewmen not engaged on the track and that except for the drivers and officials there would be no one permitted on the track during a practice session or a race.

So far as the insured was concerned, the persons subject to risk of bodily injury during a practice session or a contest fell into two classes, those on the track including the officials and the drivers operating the jalopies and those off the track including both the public in the grandstand and the drivers, owners and crewmen in the pit. Those in the pit during a race were not in substantially greater danger of bodily injury from the racing contest than those in the grandstand. The risks involved to those on and off the track differed materially. In securing insurance in connection with its operation of the track, Hudson Associates, Inc. accepted an exclusion of injuries occurring while the injured person was practicing for or participating in any contest. The accident in question did not occur during a practice session but the presence of that type of exclusion in the same clause excluding injuries occurring while the injured person was participating in any contest has significance in determining the understanding of the insured as to the meaning of the policy terms.

We are of the opinion that a reasonable person in the position of the insured could not have understood the clause in question to exclude any persons other than those injured while actively engaged in the practice sessions or the contests themselves. Mr. Knight was not participating in the contest within the meaning of the exclusionary clause of the policy at the time he received his injuries. Accordingly, he is entitled to the benefits of the policy.

*Judgment for the defendant.*

All concurred.