VILLAGE OF LUCK, Appellant, vs. HARDWARE MUTUAL
CASUALTY COMPANY, Respondent.

*November 9—December 7, 1954.*

For the appellant the cause was submitted on the briefs of *Robert L. Grindell* of Frederic.

For the respondent there was a brief by *Wilcox & Sullivan* of Eau Claire, and oral argument by *Francis J. Wilcox*.

STEINLE, J.   The sole question presented for determination is whether the policy of liability insurance issued by Hardware Mutual Casualty Company in favor of the village of Luck required that the insurer assume the defense for and liability of the insured in an action brought by the widow of a decedent who was killed in an accident with insured's truck, the complaint alleging municipal negligence on the part of the village, where the policy specifically excluded coverage as

to an accident caused by the operation of the village's truck on a street in the village.

At the trial it was stipulated of record that the policy was in force on July 18, 1952, when Wesley Tollefson was run over by a truck and killed on the Main street in Luck at a time while street-construction work was in progress; that the obligations of the insurer were limited to hazards defined in division 1 of the policy; that the insurer was notified of the accident on August 21, 1952, and was not prejudiced by the fact that thirty days had elapsed by the time the notification was given; that the insurer did not waive its right to deny liability under the terms of the policy by conducting its own investigation of the accident; that the defense of the complaint in the action brought by the widow of Tollefson and also the defense of the amended complaint in said action were duly tendered to the insurer and were refused; that the amounts expended by the insured in settlement of the Tollefson action and incurred for attorney fees in connection with said action were reasonable and that demand for repayment by the insured was timely made and that it was refused; that the insured at the time of the accident carried insurance upon its motor vehicles and operators with Northwestern National Casualty Company which entered into a defense of the Tollefson action and contributed toward the settlement thereof.

The policy was stipulated into evidence as were also the summons and complaint and the amended summons and complaint in the Tollefson action.

Under division 1 of the policy, coverage was provided within policy limits for accidents involving bodily-injury liability arising out of the operation of street or road construction, filling, or grading. Excluded from coverage (by indorsement in the policy) were accidents caused by the operation, use, loading, or unloading of any automobile, truck, or motorcycle on any street, highway, road, or other public thoroughfare.

The policy also provided that as respects insurance afforded by the policy, the company shall defend any suit against the insured alleging injury and seeking damages on account thereof, even if such suit is groundless, false, or fraudulent; but the company may make such investigation, negotiation, and settlement of any claim or suit as it deems expedient.

In the Tollefson complaints damages were claimed by the widow for the personal injuries and death of Wesley Tollefson on grounds (1) that the same resulted from the negligent operation of a truck owned by the village and driven by its employee, (2) that the same resulted as a consequence of the municipality's negligence in failing to provide barriers, signs, and signals; in failing to furnish safe and adequate places for crossing on a street under repair and in process of being changed; and in failing to keep employees informed as to the presence of persons other than employees upon the street. In the amended complaint the grounds were stated in two separate causes of action.

It is the position of the village of Luck that notwithstanding the fact that the defendant Hardware Mutual Casualty Company under the provisions of the policy was not obligated to assume the village's liability or to defend the action with reference to the claim in the Tollefson amended complaint relating to the negligent operation of the motor vehicle, nevertheless, in view of the hazards covered by the policy, the defendant was bound to assume the village's liability (within policy limits) and undertake the defense of the action as to the claim in the complaint that the damages resulted from the village's failure to provide barriers, etc., failure to furnish safe places for crossing, and failure to warn employees of the presence of persons other than employees on the street. Appellant's counsel argues that the village might have been held liable under either or both of the causes of action alleged in the Tollefson complaint and that since the village was

exposed to liability for a claim arising from municipal negligence, caused in manner other than by means of a motor vehicle, it was the duty of the insurer to afford the protection of the policy to the village in such regard.

The insurance carrier maintains that in view of the allegation in the complaint that the damages resulted from the negligent operation of a truck, and that its own investigation indicated that the decedent had been run down by a truck, it is evident that there was no coverage under the policy, and hence there was no obligation to defend on behalf of the village or to assume the village's liability in the matter.

The accident was one involving a truck and a pedestrian. The company has set up a policy defense of no coverage. We concur in the opinion of the learned trial judge that "the complaint shows on its face, that there was no coverage because the deceased was struck and killed by the truck."

The restrictive provision of the policy is plain and unambiguous. It declares that the policy will not apply to any accident caused by the operation of an automobile or truck. The restriction manifestly is applicable regardless of how the accident occurred or whose negligence, if any, contributed thereto. Here the factor governing the insurer's liability and its obligation to defend is the particular risk covered. While the village of Luck may have been liable under the circumstances for failure to provide signs or furnish a safe place for crossing or in failing to properly warn its employees in manner as alleged in the Tollefson complaint, nevertheless there is no escape from the fact as indicated by the complaint and agreed to upon the trial by the parties, that Mr. Tollefson was struck by a truck and that the claim did not fall within the insurance provided.

We are constrained to hold that under the plain language of the policy there was no coverage for the claim arising out of the death of Mr. Tollefson, and that the insurer was not

obligated under the policy to assume the defense for and the liability of the insured in the action brought by the widow of the decedent.

*By the Court.*—Judgment affirmed.