BASKIN, Judge.
In this appeal, the Town of Surfside challenges an adverse summary judgment which resulted in a denial of insurance coverage for bodily injuries sustained by a child who had been playing ball at a Surf-side park. We hold that the insurance policy furnished the Town of Surfside by Morrison Assurance Company did not exclude the injury sustained. We therefore reverse the summary judgment.
The complaint for declaratory relief filed by Morrison Assurance Company alleged that Alfred DeBlasio had been participating in a softball game at Surfside Park under the supervision of Surfside counselors when the ball was hit into the water beyond the confines of the park. Alfred and another boy went to retrieve the ball, which was floating near the seawall. Alfred saw a big stick on the other side of a bridge and went to get it. Unfortunately, he raised his head while he was still underneath the bridge and injured himself. Alfred’s deposition *531 disclosed that the game was over and the other players were waiting for him to return with the ball, the last one available. He did not think they intended to continue the game. The trial court ruled that Alfred’s injuries resulted from his participation in an athletic activity and were excluded from coverage under the policy.
The contested exclusionary clause states: ATHLETIC PARTICIPATION EXCLUSION: It is agreed this insurance does not apply to bodily injury to any and all persons practicing, instructing, or participating in any physical training, sport, athletic activity or contest.
The issue to be decided is whether Alfred’s acts constituted participation in an athletic activity. In reaching our decision, we are aware that exclusionary clauses must be construed liberally against the insurance company and in favor of the insured. Tropical Park, Inc. v. United States Fidelity & Guaranty Co., 357 So.2d 253 (Fla.3d DCA 1978).
The Supreme Court of Arkansas considered a similar exclusion in Glenn Falls Group Insurance Co. v. Simpson, 246 Ark. 654, 439 S.W.2d 292 (1969). In that case, lightning struck golfers who had sought refuge under a tree when rain interrupted their game at the insured’s country club. The court affirmed judgment for the insured holding that although the injured golfer had been participating in a golf game, he sustained the injury while standing under a tree. Under similar circumstances, other jurisdictions have held that injuries were not sustained during athletic participation and thus were not excluded from insurance coverage. See Hockey Club of Saginaw, Inc. v. Insurance Company of North America, 468 F.Supp. 101 (E.D.Mich. 1979); Zoller v. State Board of Education, 278 So.2d 868 (La.App.1973); Fireman’s Fund Indemnity Co. v. Hudson Associates, Inc., 97 N.H. 434, 91 A.2d 454 (1952); Mountain States Mutual Casualty Co. v. Northeastern New Mexico Fair Association, 84 N.M. 779, 508 P.2d 588 (1973). These authorities persuade us that the trial court’s finding that Alfred’s injury “came as a result of his participation in an athletic activity” does not resolve the issue. We conclude that since the injury was sustained while Alfred was outside the park after the game had ended, he was not participating in an athletic activity at the time he was injured.
Reversed and remanded for further proceedings.