2015 S.D. 9

**BERKLEY REGIONAL SPECIALTY INSURANCE COMPANY,**
Plaintiff,

v.

**DOWLING SPRAY SERVICE; Troy Dowling; Scott Dowling; Great West**

Casualty Company; Kelsey Seed & AG Service LLC, Defendants,

James Seiler and Kimberly Seiler, Defendants and Appellees,

and

Farm Bureau Mutual Insurance Company, Defendant and Appellant.

Nos. 27021, 27031.

Supreme Court of South Dakota.

Considered on Briefs Jan. 12, 2015.

Decided Feb. 11, 2015.

Matthew J. Kinney, Spearfish, South Dakota, John W. Burke of Thomas, Braun, Bernard & Burke, LLP, Rapid City, South Dakota, Attorneys for defendants and appellees Seilers.

Ronald A. Parsons, Jr. of Johnson, Heidepriem & Abdallah, LLP, Sioux Falls, South Dakota, Mark D. O'Leary, Sioux Falls, South Dakota, Attorneys for defendant and appellant Farm Bureau Mutual Insurance Company.

KONENKAMP, Retired Justice.

[¶ 1.] After an intersection collision between a crop sprayer and a motorcycle, the injured motorcyclists sought damages for their injuries through two insurance policies insuring the driver of the crop sprayer and through a third policy insuring the owner of the crop sprayer. Ruling on the latter policy, the circuit court held that Farm Bureau Mutual Insurance Company (Farm Bureau) had a duty to defend and indemnify the driver of the crop sprayer.

## Background

[¶ 2.] Scott and Tracy Dowling operate Dowling Brothers Partnership, a custom farming business. As part of its operation, the partnership owns and uses a John Deere 4720 self-propelled crop sprayer (Sprayer). On July 1, 2010, the partnership lent the Sprayer to Troy Dowling. Troy is Scott and Tracy's nephew. He is not a member of, a partner in, or an employee of Dowling Brothers Partnership. Troy operates Dowling Spray Service, a crop-spraying business and sole proprietorship. He borrowed the Sprayer because it was better suited for a particular spraying job he had in Beadle County, South Dakota. In return, Troy lent his crop sprayer to Dowling Brothers Partnership.

[¶ 3.] On July 11, 2010, Troy was driving the Sprayer to one of his customer's fields. At the intersection of Highway 27 and 218th Street, south of Huron, the Sprayer collided with a motorcycle driven by James Seiler. Kimberly Seiler was a passenger. The Seilers were both seriously injured and sought damages for their injuries from multiple insurance policies. At the time of the collision, Troy had a commercial general liability policy through Berkley Regional Specialty Insurance Company and a commercial automobile insurance policy through Great West Casualty Company. Dowling Brothers Partnership had a multi-module insurance policy with Farm Bureau.

[¶ 4.] All three insurance companies sought a declaratory judgment that they had no duty to defend or indemnify Troy. Ultimately, the circuit court ruled that Farm Bureau failed to show that the claims against Troy clearly fell outside the scope of coverage, and therefore, Farm Bureau had a duty to defend and indemnify Troy individually and Troy d/b/a Dowling Spray Service on the claims from the July 11, 2010 collision. Farm Bureau appeals.*

## Analysis and Decision

[¶ 5.] Farm Bureau contends the circuit court erred when it mixed and matched terms and provisions from different and unrelated sections of its policy to conclude that Farm Bureau had a duty to defend and indemnify Troy. The Sprayer is listed in the Declarations within Property/Liability coverage under the heading of "Blanket Farm/Ranch Personal Property," which, in Farm Bureau's view, does not implicate the policy's vehicle liability coverage under the Vehicle Section. In response, among other contentions, the Seilers deem immaterial the fact that the Sprayer is listed in the Declarations only

---

* This appeal concerns only Farm Bureau's policy. A separate appeal is pending on the circuit court's rulings concerning Berkley's and Great West's policies. *See* Supreme Court Appeal # 27020.

within Property/Liability coverage under Blanket Farm/Ranch Personal Property. In the Seilers' view, to satisfy the definition of "Your Personal Vehicle" and invoke vehicle liability insurance coverage, the policy does not require that a vehicle be listed within a *specific* coverage in the Declarations—only that it be "the vehicle indicated in the Declarations."

[¶ 6.] We give no deference to the circuit court's legal conclusions because "[i]nsurance contract interpretation is a question of law reviewed de novo." *W. Nat'l Mut. Ins. Co. v. Decker*, 2010 S.D. 93, ¶ 10, 791 N.W.2d 799, 802. The language of an insurance contract is "construed according to its plain and ordinary meaning and a court cannot make a forced construction or a new contract for the parties." *St. Paul Fire & Marine Ins. Co. v. Schilling*, 520 N.W.2d 884, 887 (S.D.1994). And "[t]he terms of an unambiguous insurance policy cannot be enlarged or diminished by judicial construction." *Am. Family Mut. Ins. v. Elliot*, 523 N.W.2d 100, 102 (S.D. 1994). We determine "the scope of coverage . . . from the contractual intent and the objectives of the parties as expressed in the contract." *St. Paul Fire & Marine Ins. Co.*, 520 N.W.2d at 887. The insurer bears the burden of establishing that it has no duty to defend, which burden is met when the insurer establishes "that the claim *clearly* falls outside of policy coverage." *N. Star Mut. Ins. Co. v. Kneen*, 484 N.W.2d 908, 912 (S.D.1992).

[¶ 7.] As explained by its policy language, Farm Bureau's policy "is organized into sections for each type of insurance you chose, and each section is divided into coverage modules. The modular design allows you to specify the coverages you want and to change your policy quickly without replacing the entire package." *See* General Section, About Your Personal Package Policy (How Your Policy is Organized). Here, Dowling Brothers Partnership chose multiple types of insurance protections organized into the following sections: Vehicle Section, Liability Section, Property Section, and Personal and Farm/Ranch Umbrella Liability Section. The policy provides that the insurance contract includes the Declarations pages. The Declarations "list or declare the property and liability exposures we [Farm Bureau] agree to insure. They provide coverage information including deductibles, covered causes of loss, and the amounts of coverage provided." Dowling Brothers Partnership's Declaration pages are divided into the following coverages: Vehicle, Property/Liability, and Personal and Farm/Ranch Umbrella. The Sprayer is listed within Property/Liability coverage under Blanket Farm/Ranch Personal Property.

[¶ 8.] We look, then, to the provisions of the Property and Liability sections to determine if the policy covers the claims against Troy for the July 11, 2010 collision. The Liability Section specifies that "[t]his section, combined with the General Section and the liability modules, provides the liability coverages you selected, as indicated in the Declarations." Per the Declarations, Dowling Brothers Partnership selected liability coverage at $1,000,000 for each occurrence. But specifically excluded from coverage under the Liability Section are "any 'damages' or 'medical expenses' 'arising out of' the ownership, operation, occupancy, maintenance, use, entrustment to others, loading or unloading of: 1. Any 'motor vehicle';. . . ." *See* Liability Section, Additional Exclusions (Vehicles, Aircraft, Hovercraft or Watercraft). "Motor vehicle" is defined to include "A. A motorized land vehicle;. . . ." It is undisputed that the Sprayer is a motorized land vehicle, and that Dowling Brothers Partnership entrusted to Troy the use of that Sprayer. At this point, our analysis could end: under the plain language of the policy, coverage is excluded. Nonetheless, we address some of the Seilers' remaining arguments.

■ [¶ 9.] Even if the exclusion does not apply, Troy's use of the Sprayer on July 11, 2010, does not provide coverage under any Liability Section module. The Liability Section for Dowling Brothers Partnership contains the following modules: Farm/Ranch and Personal Liability Module, Farm/Ranch Employer Liability Module, and Business Liability Module. An "insured" is defined under the Farm/Ranch and Personal Liability Module as:

A. You;

B. If you are a "person":

   1. Your relatives who are residents of your "household"; and

   2. "Persons" under 21 who are residents of your "household" . . .

C. If you are a "farm/ranch" partnership or joint venture, your members, your partners, and their spouses, but only for the conduct of your "farming/ranching" operations;

D. If you are a "farm/ranch" trust . . .

E. If you are a "farm/ranch" limited liability company . . .

F. If you are "farm/ranch" corporation or other organization, . . .

G. "Persons" or organizations responsible for animals or water craft . . .

H. With respect to your motorized equipment not subject to motor vehicle registration and designed for servicing the "residence premises" . . .

I. Any "farm/ranch employee" . . .

J. "Farm/ranch employees" are not "insured" for "bodily injury"; . . .

K. No "person" or organization is an "insured" for the conduct of any current or past partnership, joint venture or limited liability company that is not a "named insured" in the Declarations.

Troy does not meet any of these definitions; therefore, coverage under this liability module is not provided.

■ [¶ 10.] Similarly, no coverage exists under the Business Module because this section provides coverage "only for the 'business' indicated by class in the Declarations which is conducted at or from the 'insured location.' " *See* Liability Section, Business Liability Module (Business Liability Coverage). Here, the Declarations indicate that Dowling Brothers Partnership's business is custom farming. It is undisputed that Troy's use of the Sprayer on July 11, 2010, was for his personal crop spraying business. Moreover, under the Business Liability Module, Farm Bureau will pay medical payments to others only for "an accident causing 'bodily injury' which occurs during the policy period. A. On your 'insured location'; or B. Because of your 'business activities'." The collision on July 11, 2010, was not at a Dowling Brothers Partnership insured location and not because of a Dowling Brothers Partnership business activity.

[¶ 11.] We next examine the provisions of the Property Section. "This section, combined with the General Section and the property modules, provides the property coverages you selected, as indicated in the Declarations." Further, "[f]or each type of property you own or rent, you need specific property insurance protection. Dwellings, buildings, and other property are identified in the Declarations." Here, the Sprayer is identified in the Declarations within Property/Liability coverage under Blanket Farm/Ranch Personal Property. The scope of coverage is "determined by combining the terms and provisions of the General Section and Property Section with one or more of the following property modules: . . . F. Farm/Ranch Personal Property Module. . . ." The Property Section defines an insured as:

A. You;

B. Residents of your household who are your relatives;

C. Any other 'person' under the age of 21 in the care of you or your relatives living in your household; and

D. Any additional insureds named in the Declarations, as their interests appear.

E. A full-time student who was a resident of the household prior to moving out to attend school, . . . .

*See* Property Section, Glossary (Insured). Based on the clear and unambiguous policy language, Troy was not an insured as defined by the Property Section. Because he was not an insured, there is no coverage for claims against Troy related to the July 11, 2010 accident under the Property Section.

[¶ 12.] Still, the Seilers argue that the circuit court correctly ruled that Troy's use of the Sprayer on July 11, 2010, implicated the policy's vehicle liability coverage. According to the Seilers, to invoke coverage under the Vehicle Section, the Sprayer must satisfy the policy definition of "your personal vehicle." Within the Vehicle Section, "Your Personal Vehicle" is defined as "[a]ny of the following: A. "Your Auto"; . . . or I. The vehicle indicated in the Declarations." *See* Vehicle Section, Glossary. Indeed, the Vehicle Liability Module covers bodily injury and property damage caused by an occurrence involving "your personal vehicle." *See* Vehicle Section, Vehicle Liability Module (Bodily Injury Liability Coverage and Property Damage Liability Coverage). But before deciding whether the Sprayer qualifies as "your personal vehicle," we must first determine if coverage under the Vehicle Section is implicated.

■ [¶ 13.] The Vehicle Section makes clear that "[f]or each 'owned' 'personal vehicle' you need *specific vehicle* insurance coverage." (Emphasis added.) The policy is unambiguous—Dowling Brothers Partnership does not have *specific vehicle* insurance coverage for the Sprayer; it has Property/Liability coverage. Yet, even if we assume that the Sprayer is an owned, personal vehicle with specific insurance coverage, the Vehicle Liability Module provides liability coverages for "a *particular* vehicle *only* to the extent they [the coverages] are indicated in the Declarations *of that vehicle*." (Emphasis added.) Here, the coverages indicated in the Declarations for the Sprayer are Property/Liability coverage and Cab Glass Breakage. Because the Sprayer does not have specific vehicle insurance and the Declarations do not indicate vehicle liability coverage, we need not determine if the Sprayer qualifies as "Your Personal Vehicle." The terms of the Vehicle Liability Module are not implicated. The remaining arguments the Seilers advance lack sufficient merit for discussion.

[¶ 14.] From our review of the Farm Bureau policy, the language unambiguously provides that no coverage exists for the claims against Troy. To conclude otherwise would require us to " 'seek out a strained or unusual meaning for the benefit of the insured.' " *See City of Fort Pierre v. United Fire & Cas. Co.*, 463 N.W.2d 845, 848 (S.D.1990) (quoting *Black Hills Kennel Club v. Fireman's Fund Indem. Co.*, 77 S.D. 503, 507, 94 N.W.2d 90, 92 (1959)). The circuit court erred when it ruled that Farm Bureau had a duty to defend and indemnify Troy for the July 11, 2010 accident.

[¶ 15.] Reversed.

[¶ 16.] GILBERTSON, Chief Justice, and ZINTER, SEVERSON, and KERN, Justices, concur.

[¶ 17.] WILBUR, Justice, deeming herself disqualified, did not participate.