**ENGINE SERVICE, INC., Appellant
(Plaintiff below),**

v.

**RELIANCE INSURANCE COMPANY,
Appellee (Defendant below).**

**No. 3931.**

Supreme Court of Wyoming.
Aug. 4, 1971.

Ernest Wilkerson, Casper, for appellant.

R. R. Bostwick, of Murane, Bostwick, McDaniel, Scott & Greenlee, Casper, for appellee.

Before McINTYRE, C. J., and PARKER, McEWAN, and GRAY, JJ.

Mr. Justice PARKER delivered the opinion of the court.

Plaintiff, Engine Service, Inc., a company engaged in the repair and rebuilding of heavy engines, filed a complaint against defendant on an insurance policy which provided, inter alia, against property damage liability,[1] alleging that during the effective date of the policy plaintiff undertook to and did rebuild a heavy motor for Marathon Oil Company for the price of $7,333.61, completing the work properly except that plaintiff's agent incorrectly installed a rear main bearing, the motor, after its return to the customer, being substantially damaged as a result of the negligence; that the plaintiff again took the motor and without further compensation from Marathon rebuilt it at a cost of $3,414.42, which amount plaintiff sought to recover under the policy. Defendant denied liability and after both parties had unsuccessfully moved for summary determination the matter was tried by the court, resulting in judgment for the defendant, from which plaintiff has appealed.

The controversy centers about an exclusion of the policy which provided:

"This insurance does not apply:

\*　　\*　　\*　　\*　　\*　　\*

"(m) to property damage to work performed by or on behalf of the named insured arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith \* \* \*."

The issue is narrow. Defendant, relying on a single case, Vobill Homes, Inc. v. Hartford Accident and Indemnity Company, La.App., 179 So.2d 496 (writ refused 248 La. 698, 181 So.2d 398), denied liability both at the trial level and here, asserting

---

1. The insurance contract provided coverage for bodily injury liability and property damage liability under "Comprehensive General Liability Insurance" and "Comprehensive Automobile Liability Insurance"; as indicated by a specific premium charge "Completed Operations" hazard protection was also afforded, the same being defined in part as follows:

"'completed operations hazard' includes bodily injury and property damage arising out of operations or reliance upon a representation or warranty made at any time with respect thereto, but only if the bodily injury or property damage occurs after such operations have been completed or abandoned and occurs away from premises owned by or rented to the named insured. 'Operations' include materials, parts or equipment furnished in connection therewith. Operations shall be deemed completed at the earliest of the following times:

\*　　\*　　\*　　\*　　\*

"(3) when the portion of the work out of which the injury or damage arises has been put to its intended use by any person \* \* \* other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project."

that under the provisions of exclusion (m) it was not liable to pay for damages of the nature here sustained. Plaintiff on the other hand argues several points, emphasizing particularly its position that the contract is ambiguous and must be read most strongly against the one preparing it, maintaining that the insurer's agent, who sold the policy, interpreted it at the time of sale as covering a loss akin to that here occasioned and that the intention of the parties as shown by their demeanor was to govern the claim here in issue. Intermingled with these arguments is the further contention that the insurer having created the policy and having taken the premiums for the coverage beyond that of the usual public liability and property damage protection—specifically completed operations hazards—should be required to pay the claim and honor its insurance contract.

In considering the arguments of the parties, we note preliminarily and agree with the view expressed by the trial court in its memorandum opinion that assuming arguendo the power of defendant's agent to bind it there was, even so, no substantial evidence to support the contention that this had been done. Meticulous examination of the record indicates that while the insured might have had an impression that his coverage included this type of occurrence no evidence was adduced that at the time of the sale of the policy the agent represented there was coverage for such a loss. We next consider the terms of the instrument. The rule that an ambiguous contract must be interpreted most strongly against the one drafting it, especially if such be an insurance company, is of course applicable only if the policy is found to be ambiguous. Plaintiff points out that the only witness called by the defendant, its casualty supervisor, testified that coverages A and B—to which exclusion (m) applied—had to do with bodily injuries and property damage liability arising out of the operations of automobiles while coverages C and D concerned additional coverage, including completed operations. However, the insurance policy itself, introduced in evidence by plaintiff and defendant, shows beyond question the contrary to be true. The only other claim as to ambiguity seems to be centered in plaintiff's belief that he was indemnified by the policy and the fact that it took the company a year to reject his claim, the predecessor of the company's casualty supervisor having indicated in a memorandum that he had checked with companies on his own and found that their opinions were split about 50-50 as to whether or not the whole loss would be paid, a portion paid, or none of it paid. However, no authorities or cogent argument is presented on this aspect.

As heretofore observed, defendant relies on Vobill Homes, Inc. v. Hartford Accident and Indemnity Company, supra, wherein the contractor brought a third party action against its liability insurer for the cost of repairing defects in a house which the contractor had built, the defects being apparent after the house had been turned over to the owner. The insurance company denied coverage because of a clause which excluded " 'injury to * * * any goods, products or containers thereof, manufactured, sold, handled or distributed or premises alienated by the named insured, or work completed by or for the named insured, out of which the accident arises * * *.' " The court in that case affirmed a dismissal of Vobill's demand, saying it agreed with the insurance company that the exclusionary clause unambiguously excluded the enumerated property damage and went on to say, 179 So.2d at 497 and 498:

"* * * it has uniformly been held that a liability policy with an exclusion clause such as the present does not insure any obligation of the policyholder to repair or replace his own defective work or defective product. [Citing authorities.]

*     *     *     *     *     *

"In the present suit, the house-defects for which recovery is sought by Vobill's customer fall squarely within the risk specifically excluded from coverage under the policy issued to Vobill by the insurer Hartford herein, which excluded from coverage any injury to the work-product

itself by reason of its own defectiveness. * * * "

Plaintiff seeks to distinguish this litigation from Vobill in that it purchased "additional coverage" beyond that otherwise afforded by the policy and argues, "Completed operation coverage substitutes for normal products liability in a situation where the insured is working on or repairing a previously manufactured item as opposed to the creation or making of a defective item * * *." We are unable per se to follow that rationalization and there is no substantiation of the argument. Granted there was coverage under "Completed Operations," nevertheless, exclusion (m) applied thereto.

Plaintiff refers this court to Volf v. Ocean Accident and Guarantee Corporation, 50 Cal.2d 373, 325 P.2d 987, and recommends the reading of the dissenting opinion, 325 P.2d at 990, as "illustrative of mechanistic and inelastic abrogation of the intent of products liability coverage by the majority as opposed to a realistic and commercially workaday interpretation by the

dissent," and suggests Hauenstein v. Saint Paul-Mercury Indem. Co., 242 Minn. 354, 65 N.W.2d 122, cited in the dissent, 325 P.2d at 992, to be a more helpful case than Vobill Homes, Inc. v. Hartford Accident and Indemnity Company, supra. However, we note the consideration in Vobill of the Hauenstein case, 179 So.2d at 497, there listed as supporting the view:

" * * * the exclusion clause has * * consistently been recognized by other decisions which did allow coverage for damages to *other* property or for other accidental loss resulting from the defective condition of the work-product (even though recovery for the injury to the work-product itself was excluded by the clause in question). * * * [Citing authorities including Hauenstein.]"

Here the exclusion exempted application of the insurance to property damage to work performed by the insured; no claim has been made for other than damage to the work performed; and accordingly, the judgment of the trial court is affirmed.[2]

Affirmed.

---

2. We recognize authorities to the effect that under different circumstances than here present there could have been a holding against the insurer, i. e., had the engine upon which the insured worked been placed in a building which thereafter caught fire because of the defective engine and damages had been sought for injury to the building. See S. L. Rowland Construction Co. v. St. Paul Fire and Marine Insurance Co., 72 Wash.2d 682, 434 P.2d 725, 728.