HAUGAN et al., Respondent v. HOME INDEMNITY CO. et al., Appellants

(197 N.W.2d 18)

(File No. 10940. Opinion filed May 3, 1972)

Order denying petition for rehearing 6-9-72

**Woods, Fuller, Shultz & Smith** by **F. M. Smith,** Sioux Falls, and **Sam W. Masten,** Canton, for defendants and appellants.

**Davenport, Evans, Hurwitz & Smith** by **Lawrence L. Piersol,** Sioux Falls, for plaintiff and respondent.

**Donald Porter, John P. Gorman, James T. Ferrini, Clausen, Hirsh, Miller & Gorman,** Chicago, Ill., for amicus curiae.

HANSON, Presiding Judge.

This declaratory judgment action involves the construction of liability insurance policies issued by the Home Indemnity and the Iowa National Insurance companies to the insured, Gil Haugan d/b/a Haugan Construction Company, to determine whether any of the policies afford coverage to Haugan for a property damage claim asserted against him by Business Aviation, Inc., in a prior pending action. Home and Iowa Mutual appeal from a judgment declaring coverage extends to the Business Aviation claim and the insurers are obligated to defend Haugan in the principal action.

The facts are not in dispute. In June 1967 Haugan entered into a contract with Business Aviation, Inc. for the construction of an aircraft hangar and office building at the Joe Foss Field in Sioux Falls, South Dakota. To assure the prompt and faithful performance of the contract Haugan furnished Business Aviation with a performance bond in the amount of $155,000 with the defendant State Automobile and Casualty Underwriters, as surety. The application or effect of the performance bond is not involved in this declaratory action.

Haugan completed construction of the building in January 1968 and Business Aviation took possession on January 24, 1968. Sometime after taking possession Business Aviation brought action against Haugan for alleged damages to the building. Its complaint charges:

"I.

That on or about June 19, 1967, Plaintiff entered into a contract with the Defendant, Gil Haugan, d/b/a Gil Haugan Construction Company (hereinafter called Haugan) for the construction of an aircraft hangar and office building located at Foss Field, Sioux Falls, South Dakota, which structure was to be designed and constructed in a proper and workman-like manner.

&ast; &ast; &ast; &ast; &ast; &ast; &ast; &ast;

III.

That under the terms of said contract the Defendant, Haugan, designed said building and provided all of the plans and specifications therefor and performed all of the work, without any directions or supervision from the Plaintiff.

IV.

That in the design of the said building and the performance of said work, the Defendant failed to perform the same in a workman-like manner in that he failed to provide proper footings and other foundations and as a result thereof, the weight bearing portions of the structure have sunk in the ground and separated from the rest of the foundation and flooring of the structure, and as a result thereof the whole structure, including windows, doors, floors and all other portions thereof have become out of line, cracked and broken, and the whole general appearance and function of the building has deteriorated substantially.

V.

That the fair and reasonable cost of repairing such damages as resulted from the failure of the Defendant, Haugan, to design and construct said building in a proper and workman-like manner in the sum of $65,000.00.

Plaintiff further pleading for a separate affirmative cause of action, states and alleges:

## I.

Realleges all of the matters alleged in the first cause of action the same as though set out here in full.

## II.

That the Defendant, Haugan, performed such work in a careless and negligent manner and as the proximate result of such negligence the said building was damaged as aforesaid and the costs of repairing the same would be the sum of $65,000.00."

Haugan tendered defense of the action to the Home and Iowa National Insurance companies which was refused on the grounds their policies did not afford coverage of the claim.

In connection with his construction business Haugan had procured various policies of liability insurance from the Home and Iowa National Insurance companies. These policies were introduced in evidence as Exhibits 4 to 10 inclusive. Exhibit 6 is a Commercial Umbrella Excess Liability Policy issued by Iowa National. Exhibits 4, 5, 7, 8, 9 and 10 are general liability policies issued by either Home or Iowa National covering different policy periods. Such policies afford Comprehensive General Liability coverage and Contractual Liability coverage in accordance with identical coverage and exclusionary provisions.

With reference to Comprehensive General Liability each of the policies provides:

"The Company will pay on behalf of the insured all sums which the **insured** shall become legally obligated to pay as **damages** because of

A.  **bodily injury, or**

B.  **property damage**

to which this insurance applies, caused by an **occurrence,** and the company shall have the right and duty to defend any suit against the **insured** seeking **damages** on account of such **bodily injury** or **property damage,** even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements."

Considered alone the broad insuring clause would seemingly provide coverage to Haugan for legal liability of the claim alleged in the complaint filed against him by Business Aviation. The insuring clause cannot be considered in isolation however as the exclusionary provisions are an integral part of the policy and must be considered and construed along with the insuring clauses. In this respect each of the policies provides:

"This insurance does not apply:

(a) to liability assumed by the **insured** under any contract or agreement except an **incidental contract;** but this exclusion does not apply to a warranty of fitness or quality of the **named insured's products** or a warranty that work performed by or on behalf of the **named insured** will be done in a workmanlike manner;

\*    \*    \*    \*    \*    \*    \*    \*

(k) to **bodily injury** or **property damage** resulting from the failure of the **named insured's products** or work completed by or for the **named insured** to perform the function or serve the purpose intended by the **named insured,** if such failure is due to a mistake or deficiency in any design, formula, plan, specifications, advertising material or printed instructions prepared or developed by any **insured;** but this exclusion does

not apply to **bodily injury** or **property damage** resulting from the active malfunctioning of such products or work;

\* \* \* \* \* \* \* \*

(m) to **property damage** to work performed by or on behalf of the **named insured** arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith;".

According to the allegations of the complaint in the principal action the completed hangar building, in its entirety, constituted Haugan's work product. He designed and constructed it. The damages sought by Business Aviation relate solely to Haugan's work product or to work performed by him in the construction of the building. There are no other damages claimed.

The alleged facts clearly subject Business Aviation's claim to the unambiguous provisions of exclusion (m) which, without qualification, denies coverage for liability on a claim arising out of damage to the work or product of the insured. As the court concluded in the case of Home Indemnity Company v. Miller, 8 Cir., 399 F.2d 78,

"The language used in this exclusion clause is clear and simple — there is nothing ambiguous in the words or phrases used therein. They have a common and well-understood meaning. When viewed and considered in the light of the entire contract, and as a part thereof, it is clear that such clause excludes from liability thereunder any claim for damages arising from internal defectiveness of the insured's own work product".

In considering and applying similar exclusionary clauses to claims of this nature the courts have uniformly reached the same conclusion. See Hartford Accident & Indemnity Co. v. Olson Brothers, Inc., 187 Neb. 179, 188 N.W.2d 699; Bryan Const. Co. v. Employers' Surplus Lines Ins. Co., 110 N.J.Super. 181, 264 A.2d 752; Engine Service, Inc. v. Reliance Ins. Co., Wyo., 487 P.2d 474;

Liberty Building Co. v. Royal Indemnity Co., 177 Cal.App.2d 583, 2 Cal.Rptr. 329; Vobill Homes, Inc. v. Hartford Accident & Indemnity Co., La. App. 179 So.2d 496; Home Indemnity Co. v. Miller, 8 Cir., 399 F.2d 78; Kendall Plumbing, Inc. v. St. Paul Mercury Ins. Co., 189 Kan. 528, 370 P.2d 396; Volf v. Ocean Accident and Guarantee Corporation, 50 Cal.2d 373, 325 P.2d 987; Geddes & Smith, Inc. v. Saint Paul-Mercury Indem. Co., 51 Cal. 2d 558, 334 P.2d 881, second appeal, 63 Cal.2d 602, 47 Cal.Rptr. 564, 407 P.2d 868; Consumers Const. Co. v. American Motorists Ins. Co., 118 Ill.App.2d 441, 254 N.E.2d 265; McGann v. Hobbs Lumber Company, 150 W.Va. 364, 145 S.E.2d 476; 7A Appleman Insurance Law and Practice § 4508. This court's decision in Dakota Block Co. v. Western Casualty & Surety Co., 81 S.D. 213, 132 N.W.2d 826, has no application. In that case the court considered the insured's cement blocks constituted a separate and distinct part of a completed school building which was damaged, in its entirety, by the defective blocks.

■ Exclusion (a) does not extend or grant coverage. To the contrary it is a limitation or restriction on the insuring clause. The exception to exclusion (a) merely removes breach of implied warranty of fitness, quality, or workmanship from the specific exclusion relating to contractual liability. The exception remains subject to and limited by all other related exclusions contained in the policy. When considered with exclusion (m) it clearly appears that property damage claims of third persons resulting from the insured's breach of an implied warranty are covered unless the claimed loss is confined to the insured's own work or work product.

■ The same reasoning and the same result applies to the exception relating to "active malfunctioning" of products or work appearing in exclusion (k). This exception is likewise limited by the basic exclusion (m). It means there is no liability coverage afforded by the policies for damages caused by and confined to the insured's own work or product. However, when the insured's work or product actively malfunctions and causes damages to other property coverage is afforded. See Hartford Accident & Indemnity Co. v. Olson Bros., Inc., 187 Neb. 179, 188 N.W.2d 699.

■ Plaintiff further asserts the "Contractual Liability" section of the policies affords coverage because of the alleged breach of implied warranty. We cannot agree. A claim based upon an insured's breach of implied warranty is expressly provided for by the exception to exclusion (a) under the General Comprehensive Liability sections as we have previously noted and commented upon. In contrast, the insuring clause in the "Contractual Liability" section of the policies is limited to "contractual liability assumed by [the insured] under a contract". Breach of an implied warranty is not a contractual assumption of liability. The coverage under this section of the policies applies only to an assumption of another's liability. This contemplates an express contractual assumption of another's potential liability by an agreement to indemnify or hold another harmless for an obligation not otherwise imposed by law. See Weeg v. Iowa Mutual Insurance Company, 82 S.D. 104, 141 N.W.2d 913.

We reach the same conclusion with reference to the Excess Umbrella policy issued by Iowa National. No coverage of the claim involved is afforded thereunder. There is no substantial difference in its policy provisions from those contained in the comprehensive general liability policies. The insuring clause of the Excess Umbrella policy is subject to and limited by exclusionary clauses identical in language to exclusions (k) and (m) in the general liability policies. Their restrictive effect on the coverage afforded is the same.

The issue regarding the insurer's duty to defend the insured in the principal action has become moot by the result we reach in this action for a declaration of rights. Consumers Const. Co. v. American Motorists Ins. Co., 118 Ill.App.2d 441, 254 N.E.2d 265. As it is determined the claim in the principal action is outside the coverage of the liability policies there is no obligation to defend the same, Black Hills Kennel Club v. Fireman's Fund Indem. Co., 77 S.D. 503, 94 N.W.2d 90.

Reversed.

BIEGELMEIER, WOLLMAN and DOYLE, JJ., concur.

WINANS, J., dissents.

WINANS, Judge (dissenting).

The trial court held that the claim for property damage asserted against Haugan by Business Aviation, Inc., in a prior action commenced by them was based on the allegation of his failure to perform the contract in a workmanlike manner and, in cause 2, that Haugan was negligent in the performance of the work. In its decision the trial court stated, "If the first cause of action does not specifically allege breach of implied warranty, proof of the allegations made would give rise to a cause of action for breach of implied warranty. A building contractor must perform the work contracted for in a workmanlike manner; a failure to do so constitutes negligence and also a breach of an implied warranty of fitness." This view of the causes of action alleged against Haugan does not appear to be questioned. Haugan in the present declaratory action says that he is covered by certain policies issued to him by Home Indemnity and Iowa National Insurance. The trial court construed the policies and their provisions to mean that he was covered by such policies and that the insurance companies were obligated to defend Haugan in the action by Business Aviation, Inc. This court has determined that the claim in the Business Aviation, Inc. against Haugan is not covered by the policies which Haugan has and therefore there is no obligation to defend the same. In my opinion the trial court's decision was the correct one and this court should sustain it entirely.

It is a general proposition of wide application that in the construction of an insurance policy where ambiguity exists the policy is to be construed liberally in favor of the insured and strictly against the insurer who wrote the policy. This court has said the same thing many, many times and no citations are necessary.

The trial court stated, "The obligation of an insurer to defend is to be determined by the allegations of the complaint in the action against its insured. Black Hills Kennel Club v. Fireman's Fund Indemnity Co., 77 S.D. 503, 94 N.W.2d 90; Anno. 50 A.L.R. 2d 465." The above case also holds, "The scope of liability in-

surance is determined from the contractual intent and objectives of the parties as expressed in the policy. Hemmer-Miller Development Co. v. Hudson Ins. Co., 59 S.D. 129, 238 N.W. 342; Binder v. General American Life Ins. Co., 66 S.D. 305, 282 N.W. 521."

The trial court recognized that standing alone, the exclusionary clause (m) in the Comprehensive General Liability Coverage and clause (j) in the Contractual Liability Coverage of the policies would exclude coverage for the liability asserted by Business Aviation, Inc. against Haugan, but they do not stand alone. They are in juxtaposition to other clauses of the policy, and the trial court directed attention to (a) of the policy or policies which provided:

" 'This insurance does not apply:

(a) to liability assumed by the insured under any contract or agreement except an incidental contract; but this exclusion does not apply to a warranty of fitness or quality of the named insured's products or a warranty that the work performed by or on behalf of the named insured will be done in a workmanlike manner.' "

It then held "Exclusion (a) provides coverage in case of breach of implied warranty that the work will be done in a workmanlike manner. Exclusion (m) excludes coverage 'to property damage to work performed by — the named insured arising out of the work —.' As set out in the policy these provisions appear to be of equal rank and should be construed together, read together the policy does not cover property damage to work performed by insured arising out of the work except damage to the work resulting from breach of warranty that the work will be done in a workmanlike manner. Clause (m) is the general clause; clause (a) is the specific clause."

In case of repugnancy or ambiguity between general and special clauses or provisions of an insurance policy, the special clauses or provisions will control. Aetna Ins. Co. v. Labor et al., 1970, 85 S.D. 192, 179 N.W.2d 271, 273.

The trial court's analysis of this case was correct and I therefore dissent from this court's reversal of its decision.