### DARBY AVIATION COMPANY
### v. MIAMI AVIATION CORPORATION, et al.
No. 71-23068.

Circuit Court, Dade County.

November 30 and December 20, 1972.

204

Rimes, Greaton, Murphy & Batchelder, Fort Lauderdale, for the plaintiff.

Batchelor, Brodnax, Guthrie & Kindred, Miami, for the defendant Miami Aviation Corporation.

Richard J. Thornton of Walton, Lantaff, Schroeder, Carson & Wahl, Miami, for the defendant Federal Insurance Company.

HAROLD R. VANN, Circuit Judge.

*Summary judgment, November 30, 1972:* This cause came on for hearing pursuant to due notice. The court has considered all applicable pleadings beginning with and subsequent to plaintiff's second amended complaint, including all documents attached as exhibits; together with a copy of the applicable isurance policy attached to Federal Insurance Company's ("Federal" hereafter) motion for summary judgment; memoranda of law filed by each of the parties; and argument of counsel submitted by each party at the hearing. All counsel agreed, in open court, that the policy of insurance attached to Federal's motion is true and correct as recited in the stipulation dated September 27, 1972; and, except for whatever factual issues are raised by the affidavit of C. W. Houston dated November 6, 1972, that there are no factual disputes extant. Based on the foregoing, it is ordered and adjudged that —

1. Federal's motion to strike the affidavit of C. W. Houston is granted.

2. There are no genuine issues of material fact. Only legal issues remain and either Darby Aviation Company ("Darby" hereafter) and Miami Aviation Corporation ("MAC" hereafter) on the one hand, or Federal on the other, is entitled to judgment as a matter of law.

3. Federal's policy issued to MAC would afford coverage for the property damage claimed by Darby in the second amended complaint but for the clear and unambiguous provisions of exclusions

(k) and (m) set forth on page one of the policy. All applicable provisions are found under the Comprehensive General Liability ("CGL") Coverage Part, including pertinent endorsements. CGL coverage would be afforded under "Completed Operations Hazard" but for the exclusions heretofore mentioned.

4. The Contractual Liability Insurance Coverage Part has no application. Only express contracts identified in the schedule are covered thereby. Furthermore, there is no allegation by Darby against MAC that MAC contractually assumed any liability separate and apart from whatever warranty, express or implied, was supplied by MAC in performing its services on Darby's aircraft. The Contractual Liability Insurance Part does not apply to the work product warranty type of risk asserted in Darby's second amended complaint. See Haugan v. Home Indemnity Co., 197 N.W.2d 18, 23 (S.D. 1972) headnote 4. Exclusion (a) under the CGL part is equally inapposite. Ibid at page 22, headnote 2.

5. The Hangar Keepers' Liability Insurance Coverage Part does not apply because such coverage is confined to losses occuring while the aircraft is in the custody of MAC at the premises stated in the schedule for safekeeping, storage, service or repair. It is undisputed that all damage occurred after the aircraft had left MAC's possession. Indeed, this fact is asserted by both Darby and MAC as the basis for coverage under the completed operations hazard of the CGL provisions.

6. It appears, without dispute, that MAC was employed by Darby to perform whatever work was necessary, not only for desealing and resealing the fuel tanks in both wings, but also for the aircraft to pass an "annual inspection". See second amended complaint, paragraphs 8, 10(e) and 10(f). See also paragraph 39 of MAC's counterclaim and paragraph 4 of Darby's answer thereto, wherein all allegations in paragraph 39 are admitted. Thus, MAC's services and its responsibility therefor applied to the entire aircraft.

7. The only damage alleged in the second amended complaint is to the aircraft itself, including its components, plus consequential damages flowing therefrom. As contemplated by the policy, "damages" includes loss of use and, of course, diminution in value of the property involved or cost of repairs, as applicable. Exclusion (k) in the subject policy is identical with exclusion (k) which the court had under consideration in Wollard Aircraft Equipment, Inc. v. Traficant, 66 So.2d 56 (Fla. App. 3 1972). It is this court's opinion that the result in this case is governed by the *Wollard* decision insofar as exclusion (k) is concerned. While *Wollard* involved a "product" and this case involves "work" (services), the same exclusion applies and the principle is identical.

8. Exclusion (m) also defeats coverage. The well reasoned majority opinion in Haugan v. Home Indemnity Co., supra, provides an excellent discussion of the exclusions here involved and explains why there is no coverage afforded by the policy in that case and in the case at bar. Federal concedes, indeed has never contended otherwise, that if MAC's services had malfunctioned as alleged, thereby causing damage to property other than the airplane, its components and consequential damage flowing therefrom, then coverage would be afforded. Existence of coverage was properly noted with reference to personal injury and property damage caused by the collapse of one "high lift scissors lift" involved in the *Wollard* case. The same concept is alluded to in *Haugan,* supra, at page 22, under headnote 3, and in Shelby Mutual Insurance Co. v. Ferber Sheet Metal Works, Inc., 156 So.2d 748 (Fla. App. 1, 1963), a case cited by MAC. The existence of coverage for other damage discussed in those cases, viz., damage to property other than the insured's work product, highlights applicability of the exclusion as applied to the undisputed facts in the case at bar.

9. Accordingly, summary judgment is hereby entered in favor of Federal Insurance Company. Plaintiff shall take nothing by its second amended complaint against Federal and, with regard to said complaint, Federal shall go hence without day.

10. MAC's motion for summary judgment served November 7, 1972 seeks a judicial determination by this court, as a matter of law, that coverage exists. MAC's motion for summary judgment is denied on the grounds hereinbefore stated, there being no coverage afforded to MAC with respect to allegations of Darby's second amended complaint.

*Order amending summary judgment, December 20, 1972:* This cause came on to be heard upon motion to amend, etc., the summary judgment entered by the undersigned judge on November 30, 1972. Upon consideration of said motions and oral argument of counsel for all parties, it is ordered and adjudged that —

1. The summary judgment entered November 30, 1972 is amended by inserting in the 7th line after "judgment;" and before "memoranda" the following —

> "depositions, answers to interrogatories and affidavits filed prior to the day of hearing, either before or after the filing of plaintiff's second amended complaint;"

2. The court has reconsidered whether or not MAC's services and responsibility applied to the entire aircraft and hereby denies the motions of Darby and MAC to alter or amend paragraph 6 of the summary judgment.