**INDIANA INSURANCE COMPANY, Defendant-Appellant,**

v.

**Louis L. DeZUTTI, Joanna T. DeZutti, Defendants-Appellees,**

and

**James S. Gilson, Plaintiff-Appellee.**

No. 1–679A169.

Court of Appeals of Indiana, First District.

Nov. 20, 1979.

John T. Hume, III and Michael E. Simmons, Smith & Jones, Indianapolis, for defendant-appellant.

Samuel A. Fuller, Stewart, Irwin, Gilliom, Fuller & Meyer, Pete A. Pappas, Clark & Clark, Indianapolis, for defendants-appellees.

LOWDERMILK, Presiding Judge.

### STATEMENT OF THE CASE

Defendant-appellant Indiana Insurance Company (Indiana) brings this appeal after

the trial court entered a declaratory judgment finding Indiana obligated, pursuant to the terms of a comprehensive general liability policy issued by Indiana to plaintiff-appellee James S. Gilson (Gilson), to defend Gilson in an action brought by defendants-appellees Louis L. DeZutti and Joanna T. DeZutti (the DeZuttis).

## FACTS

Gilson is a contractor engaged in constructing and remodeling residential structures. In 1967 Gilson, with the assistance of subcontractors, built a home which he sold to the DeZuttis in 1968.

The DeZuttis allegedly discovered serious cracking of mortar and bricks in 1975. The DeZuttis filed suit against Gilson on a theory of breach of warranty of fitness. They alleged that footings for the residence had not been placed in hardpan soil.

Gilson called upon Indiana to provide his defense in the action instituted by the DeZuttis, but Indiana maintained that the alleged loss was not covered by Gilson's policy of insurance. The Hancock Circuit Court determined that Gilson's policy with Indiana does cover the alleged loss and does impose upon Indiana a duty to provide a defense on behalf of Gilson.

## ISSUES

Indiana lists two issues for resolution on appeal:

1. Whether the trial court erred in finding that exclusion (o) was ambiguous when read in conjunction with exclusion (a).

2. Whether the trial court erred in finding that exclusion (n) and exclusion (o) were inapplicable under the facts of the case.

## DISCUSSION AND DECISION

*Issue One*

The trial court ruled that exclusion (o) was ambiguous when read in conjunction with exclusion (a).

Judge Hoffman noted the following guidelines in *Travelers Indemnity Co. v.*

*Armstrong,* (1979) Ind.App., 384 N.E.2d 607, 613:

"An insurance contract is prepared and drafted solely by the insurance company subject to no real bargaining and, thus, is a contract of adhesion. . . . Therefore, when a court is required to interpret an insurance contract, the ambiguities will be construed against the insurer and in favor of the insured. . . . An insurance contract is ambiguous if reasonably intelligent men, upon reading the contract, would honestly differ as to its meaning. . . ." (Citations omitted)

Gilson's policy provides as follows:

"The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of

Coverage A. bodily injury or

Coverage B. property damage

to which this insurance applies, caused by an occurrence, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, * * * *"

Gilson paid a premium for coverage for completed operations hazard. The policy includes this definition:

"* * * *'completed operations hazard' includes bodily injury and property damage arising out of operations or reliance upon a representation or warranty made at any time with respect thereto, but only if the bodily injury or property damage occurs after such operations have been completed or abandoned and occurs away from premises owned by or rented to the named insured. 'Operations' include materials, parts or equipment furnished in connection therewith.*
* * * *" (Our emphasis)

Gilson insists, and the trial court found, that an ambiguity exists when exclusion (o) is read in conjunction with exclusion (a):

"This insurance does not apply:

(a) to liability assumed by the insured under any contract or agreement except an incidental contract; *but this exclusion*

*does not apply to a warranty of fitness or quality of the named insured's products or a warranty that work performed by or on behalf of the named insured will be done in a workmanlike manner;*

\*　　\*　　\*　　\*　　\*　　\*

(*o*) to property damage to work performed by or on behalf of the named insured arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith;

\*　\*　\*" (Our emphasis)

Indiana argues that exclusions (a) and (*o*) create no ambiguity. According to Indiana, coverage for breach of warranty that the work will be done in a workmanlike manner exists, but such coverage does not include damage caused to Gilson's work.

A comparable argument appears in *Weedo v. Stone-E-Brick, Inc.,* (1977) 155 N.J.Super. 474, 382 A.2d 1152, 1158–59:

"Pennsylvania National's concept of the exception to exclusion (a) is that it applies only where the alleged defective workmanship causes property damage not excluded under some other provision of the policy. Thus, it recognizes coverage under the policy for a property damage claim arising out of a breach of the warranty referred to in the exception. It contends, however, that a breach of warranty claim otherwise within the exception is clearly excluded by exclusion (*o*).
\*　\*　\*"

The New Jersey court acknowledged that the issue had been considered by several courts previously without total uniformity in results. After discussing three of those earlier cases, the New Jersey court, at page 1159 of 382 A.2d, reached the following conclusion, with which we agree:

"\*　\*　\* In our view, the coexistence of the two provisions creates, at the very least, an ambiguity which must be resolved in favor of the insured so as to provide coverage. To paraphrase that which we said in *Elcar Mobile Homes, Inc. v. D. K. Baxter, Inc.,* 66 N.J.Super. 478, 485, 169 A.2d 509, 512 (App.Div. 1961), if the insurer here deemed it necessary to make plain beyond dispute the claims for breach of the warranty contained in the exception to exclusion (a) were to be excluded, 'it is a mystery to us why the insurer did not say so in simple language. It is not a concept difficult to express.'"

Having carefully studied the precise wording of Gilson's policy, we have concluded that reasonably intelligent men, upon reading the contract, would honestly differ as to its meaning.[1] Accordingly, we must construe the contract against Indiana and in favor of Gilson. We hold that the trial court correctly ruled that Gilson's policy does cover the alleged loss and does impose upon Indiana a duty to provide a defense on behalf of Gilson.[2]

Judgment affirmed.

ROBERTSON and NEAL, JJ., concur.

1. Examples of these various constructions can be found in *Federal Ins. Co. v. P. A. T. Homes, Inc.,* (1976) 113 Ariz. 136, 547 P.2d 1050; *Fontainebleau Hotel Corp. v. United Filigree Corp.,* (Fla.App.1974) 298 So.2d 455; and *Haugan v. Home Indemnity Co.,* (1972) 86 S.D. 406, 197 N.W.2d 18.

2. Because the ambiguity affects exclusion (n) as well as exclusion (*o*), Issue One is determinative of this appeal and we do not address Issue Two.