## John J. Curry and Son v. Harleysville Mutual Insurance Co.

*William G. Schwab,* for plaintiff.

*William H. Bayer,* for defendant Harleysville Mutual Insurance Co.

*William Z. Scott,* for defendants Edwin Kresge and Deanna Kresge.

LAVELLE, *P.J.,* May 21, 1991—This is a declaratory judgment action seeking a judicial interpretation of certain exclusions in a building contractor's general liability insurance policy. The material facts are not in dispute.

Plaintiff, John J. Curry and Son, a general contractor, built an addition onto the Lake Harmony, Carbon County home of defendants, Edwin and Deanna Kresge, his wife, pursuant to a contract signed by the parties on or about April 9, 1986. The contract contained the following clause: "All material is guaranteed to be. as specified, and the above work to be performed in accordance with the drawings and specifications submitted for the above work and completed in a substantial workmanlike manner for the sum of $26,800."

Pursuant to the construction agreement, Curry commenced construction during the summer of 1986 and completed work in April 1987.

On May 10, 1988, the Kresges filed a complaint against Curry alleging that faulty construction work caused damage to carpeting and sheet rock which Curry placed in the addition. More specifically, they claim that the damage to the carpeting and sheet rock was caused by Currys' failure to construct the addition in a workmanlike manner and failure to use proper materials. (Complaint para. 9.)

During the construction of the addition, Curry was insured by Harleysville Mutual Insurance Company under a general liability insurance policy.

On March 10, 1988, Kresges notified Harleysville of their damage claims. On March 24, 1988, Harleysville denied coverage on the following grounds: "Nowhere in the complaint is it listed that there was any resultant damage to. anything other than the insured's work product. Therefore, since all items in

the complaint are for damages to the insured's work product, we regret to inform you, as stated above, that there is no coverage or indemnification for the insured." (Plaintiff's exh. 3.)

Curry instituted this declaratory judgment action to compel Harleysville to defend and indemnify Curry with respect to the claims arising out of Kresges' suit against Curry.

In its answer to plaintiff's complaint, Harleysville denies it is obliged to provide coverage. Harleysville does not say on which exclusion it relies. In its brief, however, Harleysville says it relies on exclusions (n) and (o) of the policy which provide:

"This insurance does not apply:. . .

"(n) to property damage to the named insured's products arising out of such products or any part of such products;

"(o) to property damage to work performed by or on behalf of the named insured arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection there-with."

## DISCUSSION

The principles governing the interpretation of a contract of insurance are well settled. Review is aimed at ascertaining the intent of the parties as manifested by the language of the written instrument. Where the provision of the policy is ambiguous, the policy provision is construed in favor of the insured and against the insurer, the drafter of the instrument. If the policy language is clear and un-ambiguous, we must give effect to the language of the contract. *Standard Venetian Blind Co. v. American Empire Insurance Co.,* 503 Pa. 300, 469 A.2d 563 (1983).

With these general principles of law in mind, we now turn to the policy. Clauses (n) and (o) of the

policy explicitly exclude any liability coverage for property damage to the insured's work product or for property damage to work performed by or on behalf of the named insured. Kresges' claim against Curry is for damage to the carpeting installed by or on behalf of Curry and sheet rock installed by or on behalf of Curry. Both of these items are Currys' work products for which the policy excludes coverage.

The Supreme Court of Pennsylvania was confronted with a factual scenario and policy language similar to the instant case in *Standard Venetian Blind Co., supra.* Plaintiff contractor had installed a portico on the residence of Evans. The portico collapsed and was destroyed during a snowstorm. Evans sued the contractor for the cost of replacing the portico alleging breach of implied and express warranties. Plaintiff brought a declaratory judgment action against the contractor's liability insurer who denied any coverage on the basis of exclusions in the contractor's policy almost identical to exclusions (n) and (o). The Supreme Court held that clauses (n) and (o) were not ambiguous and that coverage for the portico was excluded because it was the contractor's work product.

Curry seeks to avoid the application of exclusions (n) and (o) and the *Standard Venetian Blind Co.* decision by pointing to exclusion (a) of the policy which provides:

"This insurance does not apply: (a) to liability assumed by the insured under any contract or agreement except an incidental contract; but this exclusion does not apply to a warranty of fitness or quality of the named insured's products or a warranty that work performed by or on behalf of the named insured will be done in a workmanlike manner. . .''

Curry argues that exclusion (a) grants coverage for express or implied warranties of good workmanship and conflicts with the work product exclusions of (n) and (o) which preclude coverage on any warranty theories. This conflict, argues Curry, creates an ambiguity and the court should compel the carrier to provide the coverage of exclusion (a). We disagree.

The identical argument has been raised and rejected in many other cases.* In our view, the most extensive and well reasoned treatment of this argument is in *Weedo v. Stone-E-Brick Inc.,* 81 N.J. 233, 405 A.2d 788 (1979). This case involved the very same policy provisions and facts similar to the instant case.

The Supreme Court of New Jersey, after holding that exclusions (n) and (o) in the policy were clear "business risk" exclusions, found no ambiguity caused by exclusion (a):

"Because we are of the view that exclusion '(a)' cannot serve to becloud the clear import of the

_____
* *Haugan v. Home Indem. Co.,* 86 S.D. 406, 197 N.W.2d 18 (1972); *Biebel Bros. v. United States Fidelity & Guar. Co.,* 522 F.2d 1207, 1212 (8th Cir. 1975); *St. Paul Fire & Marine Insurance Co. v. Coss,* 80 Cal. App. 3d 888, 145 Cal. Rptr. 836 (1978); *U.S. Fire Insurance Co. v. Colver,* 600 P.2d 1, 3-4 (Alaska 1979); *Vernon Williams & Son Constr. Inc. v. Continental Insurance Co.,* 591 S.W.2d 760, 763-65 (Tenn. 1979); *Qualls v. Country Mutual Insurance Co.,* 123 Ill. App. 3d 831, 834, 78 Ill. Dec. 934, 462 N.E.2d 1288 (1984); *Harrison Plumbing & Heating Inc. v. New Hampshire Insurance Group,* 37 Wash. App. 621, 681 P.2d 875 (1984) (same); *Sturla Inc. v. Fireman's Fund Insurance Co.,* 684 P.2d 960, 964 (Hawaii 1984) (same). *Contra:* see *Fresard v. Michigan Millers Mutual Insurance Co.,* 97 Mich. App. 584, 296 N.W.2d 112 (1980); *Baybutt Constr. Corp. v. Commercial Union Insurance Co.,* 455 A.2d 914, 921-22 (Me. 1983) (4-3 decision); and *McRaven v. F-Stop Photo Labs Inc.,* 660 S.W.2d 459, 462 (Mo. Ct. App. 1983).

'business risk' exclusions, we necessarily disagree that an ambiguity exists in the policy before us. . ..

"In this case Stone-E-Brick's interpretation of the policy would result in coverage for repair and replacement of its own faulty workmanship. This interpretation relies on the supposition that the exception to exclusion '(a)'—'but this exclusion does not apply to a warranty that work performed by or on behalf of the named insured will be done in a workmanlike manner'—grants coverage for claims based on the warranty described. Not so. The contention runs directly counter to the basic principle that exclusion clauses subtract from coverage rather than grant it. Precisely this point was made by the Supreme Court of South Dakota, in construing the very clauses we have before us:

" 'Exclusion (a) does not extend or grant coverage. To the contrary it is a limitation or restriction on the insuring clause. The exception to exclusion (a) merely removes breach of implied warranty of fitness, quality or workmanship from the specific exclusion relating to contractual liability. The exception [to clause (a)] remains subject to and limited by all other related exclusions contained in the policy. When considered with exclusion (m) [(o) in the instant case] it clearly appears that property damage claims of third persons resulting from the insured's breach of an implied warranty are covered unless the claimed loss is confined to the insured's work or work product.' *Haugen v. Home Indem. Co., supra,* 197 N.W. 2d at 22.

"To the same effect, see *St. Paul Fire & Marine Insurance Co. v. Coss, supra,* 145 Cal. Rptr. at 841.

"As a variant of its argument that exclusion '(a)' grants the coverage it seeks, Stone-E-Brick contends that this exception, when read in conjunction with the 'business risk' exceptions, is confusing in

that coverage 'granted' by the former clause is taken away by the latter two. 155 N.J. Super. at 486, 382 A.2d 1152. But this argument too ignores the principle that:

" 'Each exclusion is meant to be read with the insuring agreement, independently of every other exclusion. The exclusions should be read seriatim, not cumulatively. If any one exclusion applies there should be no coverage, regardless of inferences that might be argued on the basis of exceptions or qualifications contained in other exclusions. There is no instance in which an exclusion can properly be regarded as inconsistent with another exclusion, since they bear no relationship with one another.' [*Tinker, op. cit., supra.,* 25 Feder.Ins.Couns.Q. at 223.]

"When presented with an identical claim of ambiguity as arising out of a comparison of exclusions '(a)' and the 'business risk' clauses, the court in *Biebel Bros. Inc. v. United States F.&G. Co., supra,* stated flatly that the language of the exception in '(a)' . . . has no application whatsoever to exclusions (1) [n] or (m) [o]. . . ." 522 F.2d at 1212.

We agree, and accordingly do not perceive any ambiguity in the instant policy. We adopt the rationale and holding of the *Weedo* case, *supra.*

Further, the interpretation advocated by Curry would have us add to the instant policy products liability coverage and make the insurance company a guarantor of the contractor's workmanship.

The language of the concurring opinion of Justice Hutchinson and joined by Justice Flaherty in *Standard Venetian Blind Co., supra,* tells us to reject such an interpretation:

"A liability policy does not provide a guarantee of policyholders' workmanship. Such a guarantee is not within its coverage. I do not believe a business-

man of ordinary intelligence could reasonably expect to obtain a defense against and indemnity for the cost of properly performing his contract or replacing his failed product under a liability policy. Of course, such a holding would not negate general liability coverage for damage to third persons, their property, or the insured's other property, where that damage to others or other property is caused by the insured's improper performance of his contract or his delivery of a defective product."

In summary, the policy explicitly excludes the coverage plaintiff is seeking. We find no ambiguity or conflict between exclusions (n) and (o) and exclusion (a).

We, therefore, enter the following

## ORDER

And now, May 21, 1991, it is hereby ordered and decreed that defendant, Harleysville Mutual Insurance Co., pursuant to its general liability policy no. 437978, is under no duty or obligation to defend, insure and indemnify plaintiff, John J. Curry & Son, in the action commenced by defendants, Edwin Kresge and Deanna Kresge, against said plaintiff.

Judgment is entered for defendant, Harleysville Mutual Insurance Company.