**AMERICAN GUARANTEE & LIABILITY, INS. CO., a New York Corporation; Zurich American Insurance Company, a New York Corporation, Plaintiffs-counter-defendants—Appellees,**

v.

**DEL MAR AVIONICS, INC., a California Corporation, Defendant-counter-claimant—Appellant.**

No. 00–55650.

D.C. No. CV–99–00497–GLT.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 17, 2001.

Decided Oct. 29, 2001.

Before BROWNING, FERNANDEZ, and FISHER, Circuit Judges.

* This disposition is not appropriate for publication and may not be cited to or by the courts

**MEMORANDUM** *

Del Mar Avionics, Inc., appeals the district court's grant of summary judgment in favor of Zurich American Insurance Company and American Guarantee and Liability Insurance Company (collectively American Guarantee). The district court determined that American Guarantee did not have a duty to defend or indemnify Del Mar because coverage was excluded by the "your product" provision of the insurance contract. We reverse.

■ (1) Del Mar first asserts that the district court could not rely upon the "your product" exclusion at all because it was not mentioned in American Guarantee's initial moving papers. However, the issue was raised later, and Del Mar had a full and fair opportunity to ventilate the issue, which it used. The district court did not err in that respect. *See Cunningham v. Rothery (In re Rothery),* 143 F.3d 546, 549 (9th Cir.1998); *Maitland v. Mitchell (In re Harris Pine Mills),* 44 F.3d 1431, 1439–40 (9th Cir.1995); *see also Brinson v. Linda Rose Joint Venture,* 53 F.3d 1044, 1048 (9th Cir.1995).

■ (2) American Guarantee argued, and the district court agreed, that because the definition of "your product" included warranties regarding the product, coverage was excluded by a policy provision which excluded property damage to the product. We disagree.

We must interpret this commercial general liability policy in a manner that accords with its plain meaning, if possible. *See Bank of the W. v. Superior Court,* 2 Cal.4th 1254, 1264, 833 P.2d 545, 551–52, 10 Cal.Rptr.2d 538, 544 (1992). But if a policy "is capable of two or more construc-

of this circuit except as provided by Ninth Circuit Rule 36–3.

tions, both of which are reasonable," it is considered to be ambiguous. *See Waller v. Truck Ins. Exch., Inc.,* 11 Cal.4th 1, 18, 900 P.2d 619, 627, 44 Cal.Rptr.2d 370, 378 (1995); *accord Foster–Gardner, Inc. v. Nat'l Union Fire Ins. Co.,* 18 Cal.4th 857, 868, 959 P.2d 265, 272, 77 Cal.Rptr.2d 107, 114 (1998). In the case of an exclusion, we must construe ambiguous language against the insurer so that the insured is not improperly disabused of its expectation that it is protected. *See AIU Ins. Co. v. Superior Court,* 51 Cal.3d 807, 822, 799 P.2d 1253, 1264, 274 Cal.Rptr. 820, 831 (1990); *Reserve Ins. Co. v. Pisciotta,* 30 Cal.3d 800, 808, 640 P.2d 764, 768, 180 Cal.Rptr. 628, 632 (1982); *State Farm Mut. Auto. Ins. Co. v. Partridge* 10 Cal.3d 94, 101–02, 109 Cal.Rptr. 811, 816, 514 P.2d 123, 128 (1973). The provision at hand is at least ambiguous, and may even be seen as clearly in favor of the interpretation propounded by the insured, Del Mar.

American Guarantee argues that the inclusion of the warranty language has the effect of excluding damage to some property of third parties (as opposed to the insured's own product) from coverage. That seems peculiar. While it is clear enough that provisions of a similar ilk (but without warranty language) do exclude coverage for damage to the very product the insured manufactured, it is equally clear that they do not exclude damage to a third person's property. *See Geddes & Smith, Inc. v. St. Paul Mercury Indem. Co.,* 63 Cal.2d 602, 606–08, 47 Cal.Rptr. 564, 567–68, 407 P.2d 868, 871–72, (1965); *Volf v. Ocean Accident & Guar. Corp.,* 50 Cal.2d 373, 376, 325 P.2d 987, 989 (1958); *Armstrong World Indus., Inc. v. Aetna Cas. & Sur. Co.,* 45 Cal.App.4th 1, 111, 52 Cal.Rptr.2d 690, 746 (1996); *see also N.H. Ins. Co. v. Vieira,* 930 F.2d 696, 700 (9th Cir.1991). We think that American Guarantee's position is counterintuitive because it would extend the exclusion in a manner

that would tend to eliminate liability for third party damage in the most usual case—that is, a case where expressed or implied warranties of fitness, quality, durability or performance accompany the goods which are sold.

A reasonable, indeed a more reasonable, reading of the warranty provision is one that allows American Guarantee to avoid an argument that damage caused by or to the insured's product is ascribable to a warranty, rather than to a product defect as such; an argument which has been attempted, sometimes successfully, in various contexts. *See, e.g., Reliance Nat'l Ins. Co. v. Hatfield,* 228 F.3d 909, 913 (8th Cir.2000); *Reed Roller Bit Co. v. Pac. Employers Ins. Co.,* 198 F.2d 1, 3 (5th Cir.1952); *Waterman S.S. Corp. v. Snow,* 222 F.Supp. 892, 900 (D.Or.1963); *Fed. Ins. Co. v. P.A.T. Homes, Inc.,* 113 Ariz. 136, 138, 547 P.2d 1050, 1052 (1976); *Eastcoast Equip. Co. v. Md. Cas. Co.,* 207 Pa.Super. 383, 218 A.2d 91, 99 (Pa.Super.Ct.1966); *Haugan v. Home Indem. Co.,* 86 S.D. 406, 197 N.W.2d 18, 22 (S.D. 1972); *Nationwide Mut. Ins. Co. v. Wenger,* 222 Va. 263, 278 S.E.2d 874, 875–78 (Va.1981). But while such a reading avoids that argument, it does not exclude the "products-completed operations hazard" coverage relied on by Del Mar where a purchaser of the product has sustained damage to property other than the product itself. To put it succinctly, it will not matter if the product intrinsically fails or if it fails because it cannot live up to a warranty which accompanies it. In either event, damage to the product is excluded, but damage to a third party's property is not. The fact that the insured warranted that its product would not damage, or would even enhance, the third party's property does not change the result. In the underlying action, Optodisc, S.A. claims that the defective Del Mar product

damaged other property of Optodisc. The "your property" exclusion does not apply to that. Thus, we must reverse the district court and remand for further proceedings.

REVERSED and REMANDED. Del Mar shall recover its costs on appeal.