**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1704-18T2

ROBERT CUSAMANO
and JULIE MARZANO,

     Plaintiffs-Respondents,

v.

NEW JERSEY INSURANCE
UNDERWRITING ASSOCIATION,

     Defendant-Appellant.

_____

> Submitted February 13, 2020 – Decided March 3, 2020
>
> Before Judges Suter and DeAlmeida.
>
> On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Docket No. DC-005153-18.
>
> Gennet Kallmann Antin Sweetman & Nichols, PC, attorneys for appellant (Richard S. Nichols, on the brief).
>
> Singley, Gindele & Rinaldi, LLC, attorneys for respondents (Brian J. James, on the brief).

PER CURIAM

The New Jersey Insurance Underwriting Association[1] (defendant) appeals following a judgment entered on December 15, 2018, against it in favor of plaintiffs, Robert Cusamano and Julie Marzano. We reverse that judgment and the orders dated September 25, 2018 and December 8, 2018, denying defendant's motion for summary judgment and granting plaintiffs' summary judgment motion. The trial court erred by determining plaintiffs' property damage claim for water damage from a leaking pipe was covered by the named perils insurance policy issued by defendant. This policy, which covered specifically named perils, did not provide coverage.

I.

Plaintiffs used the first floor of their duplex in Ventnor for a summer vacation home and rented out the upper floor. In July 2017, plaintiffs discovered water dripping out of the kitchen cabinets and covering the floor, and the kitchen ceiling had a bubble in it and was moist. A plumber determined the leak was coming from a "rotted connection" in the drain line from the tub in the apartment above.

---

[1] Defendant is an association created by statute consisting of all insurers authorized in New Jersey to write property insurance on a direct basis and provides insurance to insureds who cannot obtain "essential property insurance" in the normal insurance market. See N.J.S.A. 17: 37A-3, -8(a).

Plaintiffs' duplex was insured under a property insurance policy issued by defendant. On September 11, 2017, defendant denied coverage, advising plaintiffs that "[w]ater is not one of the named perils under this policy."

Plaintiffs filed a complaint against defendant claiming water damage was covered by the policy and defendant breached the policy by declining coverage. The complaint alleged defendant acted in bad faith by denying the claim and requested an award of compensatory and punitive damages. Defendant's answer denied the policy covered these types of damages.

Defendant's motion for summary judgment was denied on September 25, 2018. In its memorandum of decision, the trial court noted the policy exclusions did not list "damages caused by water leaking from pipes." The trial court found, based on this ambiguity in the exclusions, plaintiffs had a "reasonable expectation that they were covered for such damages under a homeowner's insurance policy. The reasonable expectation was created by [d]efendant's failure to list water damage from leaking pipes in the exclusions section of the policy."

Plaintiffs' subsequent motion for summary judgment was granted on December 8, 2018. That order provided defendant "owes [p]laintiffs coverage for the damage suffered at their home as a result of a water leak[.]" Having

determined the policy covered plaintiffs' claim, the trial court conducted a bench trial on the issue of damages only, entering a judgment for $9061.97 plus costs against defendant in favor of plaintiffs.

On appeal, defendant contends the trial court erred by not considering the limited coverage provided by this policy. It argues because there was no ambiguity about the coverage, the trial court did not need to consider the reasonable expectations of the policyholder. Defendant asserts the trial court erred by considering the policy exclusions because they did not create coverage.[2]

## II.

We review a trial court's orders granting or denying summary judgment under the same standard employed by the motion judge. Globe Motor Co. v. Igdalev, 225 N.J. 469, 479 (2016). The question is whether the evidence, when viewed in a light most favorable to the non-moving party, raises genuinely disputed issues of fact sufficient to warrant resolution by the trier of fact, or whether the evidence is so one-sided that one party must prevail as a matter of law. Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co., 224 N.J. 189, 199 (2016); see also Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540

---

[2] Defendant also argued the trial court erred by calculating actual cash value damages. In light of our decision, we have no need to address this issue.

A-1704-18T2

(1995). Our review is plenary. <u>Bhagat v. Bhagat</u>, 217 N.J. 22, 38 (2014) (providing that an appellate court reviews a summary judgment order applying the same standard as the motion judge). Our review of a trial court's legal interpretations, including the interpretation of a contract, is de novo. <u>Town of Kearny v. Brandt</u>, 214 N.J. 76, 92 (2013). The interpretation of an insurance contract is a question of law, the review of which we undertake de novo. <u>Polarome Int'l, Inc. v. Greenwich Ins. Co.</u>, 404 N.J. Super. 241, 260 (App. Div. 2008).

We consider this insurance policy in the context of well-established principles. Insurance policies are considered "contracts of adhesion," and as such, are "construed liberally in [the insured's] favor" to provide coverage "to the full extent that any fair interpretation will allow." <u>Longobardi v. Chubb Ins. Co. of N.J.</u>, 121 N.J. 530, 537 (1990) (alteration in original) (quoting <u>Kievit v. Loyal Protective Ins. Co.</u>, 34 N.J. 475, 482 (1961)). "If the policy terms are clear, courts should interpret the policy as written and avoid writing a better insurance policy than the one purchased." <u>President v. Jenkins</u>, 180 N.J. 550, 562 (2004). "A 'genuine ambiguity' arises only 'where the phrasing of the policy is so confusing that the average policyholder cannot make out the boundaries of coverage.'" <u>Progressive Cas. Ins. Co. v. Hurley</u>, 166 N.J. 260, 274 (2001)

5

(quoting Weedo v. Stone-E-Brick, Inc., 81 N.J. 233, 247 (1979)).  If there is an ambiguity in the insurance contract, we "interpret the contract to comport with the reasonable expectations of the insured, even if a close reading of the written text reveals a contrary meaning."  Zacarias v. Allstate Ins. Co., 168 N.J. 590, 595 (2001).

The policy of insurance issued to plaintiffs by defendant was a "named perils" policy, meaning that it "provided for loss caused by particular perils included in the policy."  George J. Kenny & Frank A. Lattal, New Jersey Insurance Law § 20-2 at 697 (2019 ed.).  The party asserting coverage has the burden to prove the damages were caused by one of the perils named in the policy.  See 1–1 Appleman on Insurance Law & Practice § 1.11 (2d ed. 2011).

The specific perils covered by this policy were listed in the "Perils Insured Against" section.  This section provides that "[u]nless the loss is excluded in [the exclusions section]," defendant "insure[s] for direct physical loss to the property covered caused by[]," and then listed specific perils, which included fire or lightning; internal explosion; windstorm or hail; explosion; riot or civil commotion; aircraft; vehicles; smoke; volcanic eruption; vandalism or malicious mischief.  The policy did not list water damage from leaking pipes as a covered peril.  The only mention of water in this section was the "breakage of water

A-1704-18T2

pipes" by explosion. It was not disputed the water leak that damaged plaintiffs' property came from a deteriorated pipe in the kitchen ceiling; no explosion was involved. Therefore, the peril that plaintiffs alleged caused the damages was not a "peril insured against" under the policy.

Plaintiffs argue the trial court was correct to find the policy was ambiguous based on the "General Exclusions" section of the policy. That section provided:

> GENERAL EXCLUSIONS
>
> A. We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.
>
> . . . .
>
> 3. Water Damage, meaning:
>
> a. flood, surface water, waves, tidal water, overflow of a body of water or spray from any of these, whether or not driven by wind[;]
>
> b. water which backs up through sewers or drains or which overflows from a sump; or
>
> c. water below the surface of the ground, including water which exerts pressure on or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure.

A-1704-18T2

The trial court concluded that a "reasonable expectation" was created under the policy by not listing "water damage from leaking pipes in the exclusions section of the policy." Plaintiffs contend on appeal that when the "policy . . . carve[s] out narrowly defined definitions of excluded losses, it blurs the boundaries of where coverage begin or ends." We disagree.

An exclusion "is a limitation or restriction on the insuring clause." Weedo, 81 N.J. at 247 (quoting Haugan v. Home Indem. Co., 197 N.W.2d 18, 22 (S.D. 1972)). It "does not extend or grant coverage." Ibid. It is an exclusion from coverage. As the Court stated in Weedo, "the basic principle [is] that exclusion clauses subtract from coverage rather than grant it." Ibid.

In this case, the covered perils defined the outer bounds of coverage. The exclusions pertain only to what is covered. Ibid. They are limitations on coverage. Ibid. The "perils insured against" section of the policy did not include water damage. "If the policy terms are clear, [we must] interpret the policy as written and avoid writing a better insurance policy than the one purchased." Hardy v. Abdul-Matin, 198 N.J. 95, 101-02 (2009) (quoting Jenkins, 180 N.J. at 562). Because water damage was not a covered peril, there was no reason to consider the policy's exclusions.

A-1704-18T2

The December 15, 2018 judgment is reversed. The September 25, 2018 order denying defendant's motion for summary judgment is reversed. The December 8, 2018 order granting plaintiffs' summary judgment is reversed. Plaintiffs' complaint is dismissed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1704-18T2